Alright, so is it Mr. Compaglietto? Am I saying that right? Closed. Closed, sorry. Give me the real one. Campolieto.  Alright. I would not have guessed that. Silent eye. Alright, so Mr. Campolieto, you have reserved two minutes for rebuttal, and so that gives you eight minutes out of the game. Correct, Your Honor. May it please the Court, as stated, my name is John Campolieto. I'm an attorney for the City of Rochester, and I represent police officers Matthew Drake and Stephen Mitchell. This case revolves from a September night in 2015. Rochester Police Department was called to a convenience store in the Rochester area for a man who would not leave the store. The police officers eventually, with force used, arrested this man for trespassing and resisting arrest. This case was brought against the City of Rochester for, among other things, excessive force. Summary judgment. The question is whether we have appellate jurisdiction to hear this appeal. Correct, Your Honor. Are you really accepting the plaintiff's version of the facts? Your Honor, we're accepting the video. And I think all of the facts that were relayed by the plaintiff in its motion for summary judgment revolve around the video. And the judge admitted that the decision was made and based on the video. So if that's the – if those are the facts, yes, we are accepting those facts. Are you accepting that the plaintiff was not resisting arrest? Again, that is more of a determination and not a fact, I believe. And so, no. Was he resisting arrest? What's your position? In this case, looking at the record, yes, it is my opinion that this Mr. Vann was resisting arrest. And the officers reacted as such. Vann's position, and the district court agreed, was that he was not resisting arrest. So there seems to be a factual disagreement. So how do we have appellate jurisdiction at this juncture? Your Honor, this was a final decision for Officer Drake, especially, and Officer Mitchell. There's no other way or avenue for them to go at this point to argue this, the denial of qualified immunity and the granting of a partial motion for summary judgment on excessive force at this point. They are not going to go through trial on these issues. This is especially important for Officer Drake. Officer Drake was involved in no use of force except for the one instance where he went to assist his partner, who was admittedly struggling, and the words of Matthew Drake, Officer Drake, are that he went to assist the struggling officer in rearresting Mr. Vann. This was testimony at the grand jury. It's consistent with the way he acted, and he testified at deposition in this case. So this is a final decision for Officer Drake. And yes. Well, I mean, I guess there's final decision, which, I mean, that can be an independent basis for us to have jurisdiction for an interlocutory appeal. Otherwise, we wait until there's judgments against all defendants or all parties on all claims. The qualified immunity exception is really just when there is a legal question. And it seems to me that the dispute here is whether the facts line up with what the district court found. But that's not a legal question. That's correct. And we believe that it becomes a legal question when the facts are based strictly on a video, which affects the way that the legal decision was made. In this case, though, the qualified immunity decision and the reason it was appealed is qualified immunity was not considered. And that was the reason for the appeal. Qualified immunity is not mentioned in the decision at all. What is mentioned is the Graham v. Conner decision and the objective reasonableness standard, which is delineated throughout in a specific detail by the judge based on the video. You're invoking qualified immunity now, aren't you? That's correct, as a defense of qualified immunity. What is the basis for an interlocutory appeal? The basis for this interlocutory appeal is that they were denied the defense of qualified immunity as a shield in the summary judgment motion, and in the future as a spear when we make up ñ when the city would make its own necessary summary judgment motion. So I think what we're struggling with, or I'll speak for myself, what I'm struggling with is you make arguments that would make a lot of sense on direct appeal of a final judgment. And even though this is complete as to your clients, I don't think you're arguing that this is a final judgment appealable in the ordinary course under 1291, right? You recognize that this is either an interlocutory or a collateral. Absolutely correct, Your Honor. So in order to make the appeal, you have to persuade us that the issues that we're grappling with don't have to do with how to interpret the facts, whether the district court got it wrong. And I read your brief. At one point it says the surveillance camera video should not be the sole basis for the decision because it doesn't show the officer's perspective. That's part of your position, I gather.  But that's a post-final judgment on appeal argument, not a legal question that can be resolved interlocutorily. And I'm just trying to figure out how we can package, how you can package your arguments now that make it anything other than an application of the law to sort of dispute about what the facts are. I think if you look at what the city has brought here in terms of an interlocutory appeal, the first issue that was presented was we were not recognized in our qualified immunity. The second argument was the objective reasonableness in the Graham decision of the Supreme Court. Of course, the case clause is replete with references to Graham. The third item, though, is the video, the video that affected the decision here, and the video that was the basis for the facts. The way that summary judgment was decided and was explained in the decision or the judge, which was a well-reasoned decision based on what she saw on the video. However, the way that summary judgment was decided in this case based on the video, it cannot stand here. Your argument is that summary judgment should not have been granted against your clients. It should not have been granted because, number one, the officers were denied the important right that they have to qualify immunity. You can judge that after there's a final judgment entered. I mean, it's possible you go to trial and the jury awards no damages, right? That's a possibility. That's possible. However, these – And then whatever the result is, they can appeal at that point. In terms of a monetary judgment. However, the finding of an excessive force against a police officer is often fatal to a career. Well, they can still appeal that finding. They can say that they can argue on appeal that the district judge got it wrong when it interpreted the video as it did. But they won't get their chance at qualified immunity, which is foreclosed in this case because of the specific nonrecognition of that aspect of the city's defense. Why would they not? I don't understand that. Why wouldn't the argument on appeal be that the district court was wrong to enter a judgment that extended to qualified immunity at that stage, that there were disputed issues of fact, and that your clients are entitled to remand in a trial that resolves those factual disputes? I don't understand. That's a good question. But at that point, you know, you're arguing a final decision after the trial to judges. The jury will not be able to get the final judgment. Well, it'd be a new jury. It wouldn't be the jury that, I mean. At the final appeal. I'm talking about at trial. They will not present their factual statements to and their reasons and the reasons for what they did. But if your argument carried the day on appeal after that trial and that we concluded that the district court was wrong to award summary judgment and deprive the jury, your client, of the opportunity to present the facts to the jury, then I would assume we would vacate the judgment and it would be another trial. I guess that is correct, Your Honor. I think the basis for the reason that the city believes an interlocutory appeal is proper here is because of the very reason that the Supreme Court allowed interlocutory appeals for qualified immunity. It's very important for a police officer to, at an early stage, get rid of the case and explain their reasons for their actual actions. Well, but if that were true, then you could get an interlocutory appeal based on qualified immunity over disputed facts. But the law is very clear. You don't get to do it over disputed facts. And that's correct, Your Honor. The law has evolved, especially in the Second Circuit, through the Britt case and others that have specified that it can only be on a lawful issue, not an issue of fact. And in this case, we believe, the city believes, and the officers believe, that the denial of their cited defense of qualified immunity was not recognized. Okay. But, I mean, is there any case that has said that? Whenever you lose on summary judgment, if you are an officer who wants to assert a qualified immunity defense, do you get an immediate appeal? No. No. I mean, you're saying there's lots of disputed facts, and that's what you want to argue to a jury. There are disputed facts. Right. The video is disputed, but that's not the basis for the reason that we brought the summary judgment of the appeal of the summary judgment decision. All right. Well, you reserved a couple minutes for rebuttal. Let me now hear from Ms. Wallach. Am I pronouncing that right? Ms. Wallach? Yes, Your Honor. Okay. Good morning, Your Honors. May it please the Court. Grace Wallach for Attlee, David Vann. I'd like to start off where Your Honors left off on this jurisdictional question. Your Honors asked, couldn't you just review all of these arguments after a final judgment? And the answer is, quite clearly, yes. And that's the reason why there's no need for an interlocutory decision here, or an interlocutory appeal here. Excuse me. Not just no need, no jurisdiction. Yes, Your Honor. There's no need. There's no jurisdiction. And most importantly, there's no need because the right, this is an important part of the test for when an interlocutory appeal is available. The Supreme Court recognized in Mitchell that the officers have to be asserting a right not to go to trial. Here, they would like more trial, not less. So there's no need for an interlocutory appeal in order to effectuate the purposes of qualified immunity. And Your Honors don't have any jurisdiction to do so. I'd just like to address two other points that came up during my opponent's time. First of all, there was a suggestion that this decision was final just as to these officers. That's also not exactly correct, Your Honor. There are claims both on excessive force and the other claims in the litigation, including Melissa's prosecution and denial of medical care, that are going forward both against Officer Mitchell and Officer Drake as well as the other officers in the case. So this isn't a situation where even as to these officers, all of the excessive force claims have been resolved. And second, I'd like to touch back to Your Honor's question about isn't, you know, who's accepting facts and which facts are we accepting? For the purposes of this appeal, I think their arguments are clear that in order to be granted qualified immunity, Your Honors would have to accept certain facts that the district court resolved against them. And Your Honors have no jurisdiction over that under Johnson either. Yeah, I'm trying to understand. So imagine a scenario where there were cross motions for summary judgment. Everybody agreed the video is all there is. You just have different views as to what it shows. And the district court concludes based on that undisputed sole piece of evidence, I'm granting summary judgment for the plaintiffs against the defendants. As to one of multiple claims, the others are still going around. So it's not a final judgment. Would that make a difference in your analysis as to whether or not there would be an interlocutory appeal or jurisdiction for an interlocutory appeal? Yes, Your Honor, in two ways. So first, when there are cross motions, this Court has been clear that when the officers make an affirmative motion for summary judgment that is denied, there is an interlocutory appeal there, assuming that they accept for the purposes of that appeal the facts that are either undisputed or that could be found in the plaintiff's favor. Yeah, I guess that's the question. I mean, what's undisputed is that the video is evidence. What is disputed is what the evidence shows. And so that's basically asking us to review the district court in its role as sort of a fact finder. And so we'd be able to do that? No, Your Honor. That's the whole point of Johnson, which is to say they, for example, if they had moved in the alternative, they said we'd oppose this because the facts are disputed, but in the alternative on plaintiff's facts, we move for summary judgment. In that case, you could have an appeal over that second argument under Johnson, but you don't have jurisdiction to consider the district court's resolution of factual sufficiency. So that's the key difference here. And of course, Your Honor, that is not what happened below. No, but it sounds like Mr. Campolito was suggesting that, oh, we are agreeing with the plaintiff's facts because we agree that the video is something that the court can consider. Your Honor, I don't think that's what it means to accept the plaintiff's version of facts. And also in their brief, they say that we shouldn't just look at the video. We should look at these other things. But most importantly, the test, this is under Joe Conspucious' City of Burlington and this Court's other cases, it's accepting either the undisputed facts, the facts in the plaintiff's favor, or that the district court found the jury could find in the plaintiff's favor. And so even if you – even if, for example, we only had the video, the officers would need to accept that version of the video essentially in order to mount a legal question for this Court's jurisdiction. Different people could interpret the video in different ways, right? And that's why it's still a factual matter, even though there's only the one piece of evidence. Is that right? Yes, Your Honor. I think if, for example, we were at a final judgment and it was a question of how the district court viewed the video, Your Honors, you know, everything is up for grabs after a final judgment. Here, I think either you have to accept what the district court found a jury could find in my client's favor or the very limited exception where the district court under Scott v. Harris has accepted facts that are blatantly contradicted by the video. But no one is arguing that here. So I think it's just a factual dispute that Your Honors have no jurisdiction over. If there are no further questions, I will sit down. Thank you, Your Honors. We ask that you dismiss for lack of jurisdiction or any alternative, affirm. All right. Thank you, Ms. Wall. Mr. Campolito, you have a few minutes for rebuttal. Sure. And, Your Honor, I just wanted to address a couple items. The city is not asking for more trial. It's not seeking to delay this or to bring the officers to trial. What it's seeking is it's seeking the interlocutory appeal so that it can bring its motion, cross motion for summary judgment. This summary judgment was made at an early time. Discovery was not complete. It's not part of the argument, but it is a reason that the city is seeking, is going to make its own cross motion at the applicable time. One other point was it's not the observations in the video. The judge used this video back at the lower court to grant summary judgment and to deny qualified immunity by not addressing qualified immunity. It's not the specific items that she meant. She stated in the decision that no reasonable jury, no reasonable juror would find anything different with what she said. So it's not that people could disagree. It's that the judge has determined this and determined that no reasonable juror could look at the video and decide something else. Right. But, I mean, I think you're articulating a rule that hasn't been articulated. That is, when summary judgment has been granted against a defendant who would be asserting a qualified immunity defense, they get an interlocutory appeal immediately, even though there are remaining counts of defendants that have not yet had a judgment. I mean, there might be good reasons to do that, but that's not the law, is it? Well, I did not find cases where it showed partial items being decided later on at the trial. In this case, there are other issues. I'm not denying that. However, in terms of excessive force, the explanation that the city is giving is that it's final for Officer Drake and it's final for Officer Mitchell on those four items that were found to be excessive by the judge. All right. Well, thank you both. We will reserve decision.